**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 7:19-CV-270 |
| 30.00 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND ALEIDA FLORES aka ALEIDA GARCIA, | § § § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER F.R.C.P. 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) Federal Rules of Civil Procedure Assistant United States Attorney Hilda M. García Concepcion and Erin Thorn Vela, attorney for defendant/landowner Aleida Flores ("LO Flores"), first conferred on September 5, 2019.

   Attorneys García Concepcion and Thorn Vela, along with Efren Olivares and Emma Hilbert, additional attorneys for LO Flores, also conferred on September 30, 2019.

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Parties will provide initial disclosures pursuant to Rule 26(a)(1)(A) prior to October 16, 2019, pursuant to Rule 26(a)(1)(C).

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   Southern District of Texas, McAllen Division:

   7:19-cv-234 with Judge Alvarez – Right of Entry and Site Assessment for same project, adjacent parcel of land.

   7:19-cv-254 with Judge Alvarez – Right of Entry and Site Assessment for same project, nearly adjacent parcel of land.

4. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of a temporary assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C of the Declaration of Taking to survey, make borings, and conduct other investigatory work needed to plan the proposed construction of border infrastructure.

5. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

8. **List anticipated interventions.**

   None.

9. **Describe any class-action issues.**

   None.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

       None.

**B.  When and to whom the plaintiff anticipates it may send interrogatories?**

Pursuant to Fed. R. Civ. P. 26(b)(1), Plaintiff objects to the use of interrogatories in this condemnation action because they exceed the scope of discovery. Interrogatories are not proportional to the needs of this condemnation case considering the amount in controversy and the importance of the discovery in resolving the issues.

The position of the government regarding justification for the valuation of the temporary non-exclusive easement acquired in this case is as follows:

The sole issue in this condemnation case is whether a nonexclusive temporary easement to survey and assess a portion of Defendant's 30 acres (identified as Tract RGV-MCS-1200) creates any just compensation. Compensation for temporary easements is based on the market rental value of the affected area "for the term of the temporary easement, adjusted as appropriate for the rights of use, if any, reserved to the landowner." *Uniform Appraisal Standards for Federal Land Acquisitions* 4.6.5.1.2; *See Kimball Laundry Co. v. United States*, 338 U.S. 1, 6-7 (1949).

The easement acquired has no effect on the market rental value of the land encumbered based on the purpose of the easement, its location in relation to the boundary lines of the larger parcel, and its minimal intrusiveness.  The acquired easement does not interfere with the land's current use – which mostly appears to be vacant land, nor does it interfere with any use or enjoyment of the land by the landowner.

Overall the acquired easement is minimally intrusive given that contractors will be on the parent tract for short periods of time and not consistently for the easement's 12 month term. The government is required to compensate the landowner for the loss it suffered for the easement's 12 month term; however, this value is nominal given the nature of the easement acquired and its minimal impact on the parent tract. *U.S. v. Michoud Indus. Facilities*, 322 F.2d 698, 708 (5th Cir. 1963).

Furthermore, any claim for damages to the Defendant's property resulting from the government's access would be addressed in a separate cause of action. Any fee acquisition of Defendant's property that may later be sought would also be addressed in a separate cause of action.

Additionally, the sole defense to a condemnation action is that the United States lacks authority for the taking. *United States v. 162.20 Acres of Land*, *More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) cert. denied 454 U.S. 828 (1981). The sole issue remaining after litigation of any challenge to the right to take is valuation. After Fed. R. Civ. P. 26(b)(1) was amended to rely on the common-sense concept of proportionality Chief Justice John Roberts wrote in the 2015 Year-End Report on the Federal Judiciary that "the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."

If the Court allows interrogatories in this condemnation action for a nonexclusive temporary easement for a right of entry then Plaintiff anticipates sending interrogatories to the landowner(s).

C. **When and to whom the defendant anticipates it may send interrogatories?**

Defendants anticipate sending interrogatories to Loren Flossman (Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security), as well as potentially any other individuals involved in determination of Plaintiff's estimate of just compensation for Defendant's property.

Mr. Flossman's was the only declaration submitted by Plaintiff, and includes declarant's sworn statement that he has personal knowledge of the government's estimate of just compensation for the easement sought on Defendant's property. Mr. Flossman stated he "caused to be deposited in the Registry of the Court" the sum of $100, "[t]he amount estimated to be just compensation for the taking." (Dkt. No. 2; "Schedule F", Dkt. 2-1). Defendant seeks to send interrogatories to Mr. Flossman on the limited issue of valuation of the 12-month easement.

D. **Of whom and by when the plaintiff anticipates taking oral depositions?**

Pursuant to Fed. R. Civ. P. 26(b)(1), Plaintiff objects to the use of depositions in this condemnation action because they exceed the scope of discovery. Depositions are not proportional to the needs of this condemnation case considering the amount in controversy and the importance of the discovery in resolving the issues.

The position of the government regarding justification for the valuation of the temporary non-exclusive easement acquired in this case is as follows:

The sole issue in this condemnation case is whether a nonexclusive temporary easement to survey and assess a portion of Defendant's 30 acres (identified as Tract RGV-MCS-1112) creates any just compensation. Compensation for temporary easements is based on the market rental value of the affected area "for the term of the temporary easement, adjusted as appropriate for the rights of use, if any, reserved to the landowner." *Uniform Appraisal Standards for Federal Land Acquisitions* 4.6.5.1.2; *See Kimball Laundry Co. v. United States*, 338 U.S. 1, 6-7 (1949).

The easement acquired has no effect on the market rental value of the land encumbered based on the purpose of the easement, its location in relation to the boundary lines of the larger parcel, and its minimal intrusiveness. The acquired easement does not interfere with the land's current use – which appears to be vacant land, nor does it interfere with any use or enjoyment of the land by the landowner.

Overall the acquired easement is minimally intrusive given that contractors will be on the parent tract for short periods of time and not consistently for the easement's 12 month

term. The government is required to compensate the landowner for the loss it suffered for the easement's 12 month term; however, this value is nominal given the nature of the easement acquired and its minimal impact on the parent tract. *U.S. v. Michoud Indus. Facilities*, 322 F.2d 698, 708 (5th Cir. 1963).

Furthermore, any claim for damages to the Defendant's property resulting from the government's access would be addressed in a separate cause of action. Any fee acquisition of Defendant's property that may later be sought would also be addressed in a separate cause of action.

Additionally, the sole defense to a condemnation action is that the United States lacks authority for the taking. *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) cert. denied 454 U.S. 828 (1981). The sole issue remaining after litigation of any challenge to the right to take is valuation. After Fed. R. Civ. P. 26(b)(1) was amended to rely on the common-sense concept of proportionality Chief Justice John Roberts wrote in the 2015 Year-End Report on the Federal Judiciary that "the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."

If the Court allows depositions in this condemnation action for a nonexclusive temporary easement for a right of entry then Plaintiff anticipates deposing the landowner.

**E. Of whom and by when the defendant anticipates taking oral depositions?**

Defendant anticipates taking the oral deposition of Loren Flossman, Acquisition Program Manager for the property in this case, who submitted a declaration attesting to his personal knowledge of the government's estimate of just compensation for the easement sought by Plaintiff. Defendant also seeks to take the deposition of any other individual involved in determining the government's estimate of just compensation.

Mr. Flossman submitted the only declaration in this case, which includes declarant's sworn statement attesting he has personal knowledge of the government's estimate of just compensation for the easement sought on Defendant's property. Mr. Flossman stated he "caused to be deposited in the Registry of the Court" the sum of $100, "[t]he amount estimated to be just compensation for the taking." (Dkt. No. 2; "Schedule F", Dkt. 2-1). Defendant seeks to depose Mr. Flossman on the limited issue of valuation of this 12-month easement.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

Parties do not anticipate expert designations will be necessary in this right of entry case.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Parties do not anticipate that expert depositions will be necessary in this right of entry case.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Parties do not anticipate that expert depositions will be necessary in this right of entry case.

I. **All other matters raised in Rule 26(f).**

Not Applicable.

11. **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff does not believe any discovery is needed in a condemnation action for a nonexclusive temporary right of entry.

Defendant believes limited discovery is necessary to determine valuation of a 12-month fully assignable right of entry easement encumbering 30 acres.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Because defendant only recently retained counsel and a notice of appearance was first entered only on September 2, 2019, no discovery has yet been undertaken.

13. **State the date the planned discovery can reasonably be completed.**

If the Court grants discovery, parties anticipate that discovery can be reasonably completed in 120 days.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have been unable to resolve the case; however, both parties agree to continue to explore options for settling this matter prior to a trial on the merits.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, on or about February 11, 2019, Defendants were sent correspondence from the United States Army Corps of Engineers (USACE) requesting written permission to temporarily access the Defendants' land for a period of eighteen (18) months to conduct a survey, environmental assessment, appraisal, and related work to assess the Defendants' land for possible acquisition in support of U.S. Customs and Border Protection's construction of 2018 border infrastructure. A Right of Entry and Site Assessment and exhibit map of the Defendant's land was included.

On March 12, 2019, USACE and CBP met with Aleida Flores (Tract MCS-1200).

On April 2, 2019, USACE and United States Customs & Border Patrol (CPB) mailed a second letter requesting ROE-SE.

On April 12, 2019, USACE and CPB met with Velma Flores, Aleida Flores and Veronica Flores at Velma Flores' home where they informed that they would not sign the ROE-SE.

On May 6, 2019 United States Attorney's Office (USAO), represented by Attorney Hilda M. Garcia-Concepción, sent ROE-SE letter.

On May 22, 2019, AUSA Hilda M. Garcia-Concepción, AUSA, met with land owners Veronica Mendoza and Aleida Flores at Velma Flores' home to discuss the request for right of entry and process, but negotiations were not possible. Mrs. Aleida Flores authorized Mrs. Mendoza to speak on her behalf. Land Owners requested meeting with the design manager.

On June 5, 2019, AUSA Garcia-Concepcion conferred with Mrs. Mendoza, designated speaker for Mrs. Flores, and expressed the design plans were still not completed and that the survey and exploration was needed to be able to complete the plans, determine the design and location, if any, and then later be able to hold a meeting with the project manager to further discuss design and any possible actual taking. Negotiations were not possible.

On July 2, 2019, USAO spoke with Mrs. Mendoza and explained that the wall location and design was not something that was yet determined and could not be determined until the survey was performed. Negotiations were not possible.

On July 12, 2019, Garcia-Concepcion talked to Mendoza and explained the Complaint and Declaration of Taking for Right of Entry would need to be filed.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties do not think alternative dispute resolution is applicable.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff makes no demand for a jury trial.

    On October 3, 2019, Defendant made a timely demand for a jury trial in her answer.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The evidence in this case could be presented in less than one day.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    The United States anticipates filing a Motion for Possession.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    Plaintiff filed a Disclosure of Interested Parties with the Court on August 19, 2019, and Defendant filed her Disclosure of Interested Parties with the Court on September 9, 2019.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:
    HILDA M. GARCIA CONCEPCION
    Assistant United States Attorney
    Southern District of Texas No.3399716
    Puerto Rico Bar No. 15494
    1701 W. Bus. Highway 83, Suite 600
    McAllen, TX 78501
    Telephone: (956) 618-8004

Facsimile:  (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov
Attorney-In-Charge for Plaintiff

COUNSEL FOR DEFENDANT:

RICARDO A. GARZA
Texas State Bar No. 24109912
Southern District of Texas No. 3336127
1017 West Hackberry Avenue
Alamo, Texas 78516
Telephone (956) 787-8171 ext. 122
ricky@texascivilrightsproject.org
*Attorney for Defendant*

EFRÉN C. OLIVARES
Texas State Bar No. 24065844
Southern District of Texas No. 1015826
1017 West Hackberry Avenue
Alamo, Texas 78516
Telephone (956) 787-8171 ext. 121
efren@texascivilrightsproject.org
*Attorney-in-Charge*

EMMA HILBERT
State Bar No. 24107808
Southern District of Texas No. 2942270
1405 Montopolis Dr.
Austin, TX 78741
Telephone (512) 474-5073 ext. 105
emma@texascivilrightsproject.org
*Attorney for Defendant*

ERIN THORN VELA
State Bar No. 24093261
Southern District of Texas No. 2744303
1017 West Hackberry Avenue
Alamo, Texas 78516
Telephone (956) 787-8171 ext. 127
erin@texascivilrightsproject.org

| | |
|---|---|
| **FOR DEFENDANT:**<br><br>**ALEIDA FLORES** | **FOR PLAINTIFF:**<br><br>**RYAN K. PATRICK**<br>United States Attorney<br>Southern District of Texas |

By: _s/ Ricardo A. Garza_
    **RICARDO A. GARZA**
    Texas State Bar No. 24109912
    Southern District of Texas No. 3336127
    1017 West Hackberry Avenue
    Alamo, Texas 78516
    Telephone (956) 787-8171 ext. 122
    ricky@texascivilrightsproject.org
    Attorney for Defendant

    and

    **EFRÉN C. OLIVARES**
    Texas State Bar No. 24065844
    Southern District of Texas No. 1015826
    1017 West Hackberry Avenue
    Alamo, Texas 78516
    Telephone (956) 787-8171 ext. 121
    efren@texascivilrightsproject.org
    Attorney-in-Charge

    and

    **EMMA HILBERT**
    State Bar No. 24107808
    Southern District of Texas No. 2942270
    1405 Montopolis Dr.
    Austin, TX 78741
    Telephone (512) 474-5073 ext. 105
    emma@texascivilrightsproject.org
    Attorney for Defendant

    and

    **ERIN THORN VELA**
    State Bar No. 24093261
    Southern District of Texas No. 2744303
    1017 West Hackberry Avenue
    Alamo, Texas 78516
    Telephone (956) 787-8171 ext. 127
    erin@texascivilrightsproject.org

By: _s/ Hilda M. Garcia Concepcion_
    **HILDA M. GARCIA CONCEPCION**
    Assistant United States Attorney
    Southern District of Texas No.3399716
    Puerto Rico Bar No. 15494
    1701 W. Bus. Highway 83, Suite 600
    McAllen, TX 78501
    Telephone: (956) 618-8004
    Facsimile: (956) 618-8016
    E-mail: Hilda.Garcia.Concepcion@usdoj.gov
    Attorney-In-Charge for Plaintiff

**CERTIFICATE OF SERVICE**

I, Hilda M. Garcia-Concepción, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on October 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via ECF to the following counsel: Ricardo A. Garza (email: ricky@texascivilrightsproject.org), Efren C. Olivares (email: efren@texascivilrightsproject.org), Emma Hilbert (email: emma@texasciviltightsproject.org) and Erin Thorn (email: erin@texascivilrightsproject.org).

          By:    *s/ Hilda M. Garcia Concepcion*
                **HILDA M. GARCIA CONCEPCION**
                Assistant United States Attorney