**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:19-cv-270 |
| | § | |
| 30.00 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATED IN HIDALGO COUNTY, | § | |
| STATE OF TEXAS; AND ALEIDA | § | |
| FLORES, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT ALEIDA FLORES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT'S BRIEF FOR JUST AND ADEQUATE COMPENSATION

1.      Defendant respectfully but firmly opposes Plaintiff's unjustified Motion for Leave.[1]

### BACKGROUND

2.      On March 27, 2020, this court ordered both parties "to file their just compensation briefs and evidence" by April 27, 2020.[2] The Court's order did not contemplate any additional filings on the issue of just compensation.

3.      On April 27, 2020, the parties submitted their briefs in accordance with this Court's order setting forth their arguments and evidence.[3]

4.      On May 7, 2020, Plaintiff filed an opposed motion for leave to file a "reply" to Defendant's just compensation brief.[4]

---

[1] Dkt. No. 28.
[2] Dkt. No. 25.
[3] Dkt. Nos. 26-27.
[4] Dkt. No. 28.

## ARGUMENT

5.      Simply put, there is no new factual or legal development to justify Plaintiff's unwarranted request.

6.      At the Status Conference of February 25, 2020, the parties agreed that this Court would decide the issue of just compensation on submissions alone.[5] Neither this Court's original order directing the parties to submit briefs by March 27, 2020,[6] nor the subsequent order extending the deadline to April 27, 2020[7] contemplated responses or replies. Indeed, the Court's order for simultaneous briefing had the effect of avoiding precisely the sequential back-and-forth that Plaintiff now attempts to create.

7.      Every factual and legal argument Plaintiff seeks to make now was available when it filed its original brief, so there is no justification for what is effectively a second brief. Plaintiff has not pointed to any new factual development (such as the discovery of previously unavailable evidence) or intervening change in controlling law (such as a binding decision issued after the briefing deadline and before this court's ruling) that could justify departing from this Court's scheduling order.[8] *See, e.g.*, *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003) (discretion to grant leave "is tempered by the necessary power of a district court to manage a case"); *Fisher v. United States*, 2010 WL 4286224 (W.D. Wash. Oct. 26, 2010) (denying United States' "motion for leave to submit additional argument" after Court ordered simultaneous briefing).

---

[5] Minute entry dated February 25, 2020 ("The parties agreed that the issue of just compensation could be decided by submission.").
[6] Dkt. No. 23.
[7] Dkt. No. 25.
[8] Plaintiff's reference to "legal insufficiencies and lack of appraisal standards and supporting evidence" is nothing more than an attempt to get a second bite at the apple—to make now arguments that could have been made before.

8.     Moreover, Plaintiff's request that this Court consider its brief "the same as it would for motion practice under L.R. 7.4" is an unsupported request that this Court should not entertain. If this Court wished the parties to submit motions, responses, and replies, it could have ordered so.

9.     Plaintiff's insistence on submitting additional briefing has already likely resulted in the expenditure—by Plaintiff, by Defendant, and by this Court—of significantly more resources than the meager $100.00 the United States of America maintains is sufficient to compensate Ms. Flores.

## PRAYER FOR RELIEF

10.     For the foregoing reasons, Defendant Aleida Flores respectfully requests this Court to deny the United States' Motion. In the alternative, should the Court grant Plaintiff's motion, Defendant respectfully requests an opportunity to reply to the arguments advanced by Plaintiff within 14 days of this Court's order.

Dated: May 28, 2020                              Respectfully submitted,


**TEXAS CIVIL RIGHTS PROJECT**

By: _/s/ Ricardo A. Garza_

Efrén C. Olivares
State Bar No. 24065844
SDTX Bar No. 1015826
efren@texascivilrightsproject.org

Attorney-in-Charge for Defendant Aleida Flores

Ricardo A. Garza
State Bar No. 24109912
SDTX Bar No. 3336127
ricky@texascivilrightsproject.org

Karla M. Vargas
State Bar No. 24076748
SDTX Bar No. 3336176

kvargas@texascivilrightsproject.org

**Texas Civil Rights Project**
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171 ext. 122

Attorneys for Defendant Aleida Flores

<u>**Certificate of Service**</u>

The undersigned counsel hereby certifies that, on the 28th day of May 2020, he electronically submitted a true and correct copy of the foregoing Response in Opposition to Plaintiff's Motion for Leave to File a Reply to Defendant's Brief for Just and Adequate Compensation via the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ Ricardo A. Garza*
Ricardo A. Garza